**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Harold L. Von HARTEN,
Defendant-Appellee.**

**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Earl WIDENER, Defendant-Appellee.**

**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**John FERNANDEZ and Ray Wesley
Vaughn, Jr., Defendants-Appellees.**

**Nos. 86–5150, 86–5151 and 86–5164.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 27, 1987.

(R. 3–51).

Leon B. Kellner, U.S. Atty., Robert Kendall, Jr., Asst. Director, Office of Immigration Litigation, Civ. Div., Dept. of Justice, Elizabeth Ruf Stein, Sp. Asst. U.S. Atty., Linda Collins Hertz, Asst. U.S. Atty., Miami, Fla., Susan L. Kamlet, U.S. Dept. of Justice, Civ. Div., Office of Immigration Litigation, Washington, D.C., for plaintiff-appellant.

Diane Tolbert Covan, New York City, for defendants-appellees.

Before TJOFLAT and HILL, Circuit Judges, and LYNNE *, Senior District Judge.

TJOFLAT, Circuit Judge:

These three consolidated cases arise out of the "Freedom Flotilla" of the summer of 1980 in which more than 100,000 Cuban nationals were evacuated from Cuba to the United States. *See generally Lyden v. Howerton,* 783 F.2d 1554, 1556 (11th Cir. 1986); *Pollgreen v. Morris,* 770 F.2d 1536, 1538–40 (11th Cir.1985). The defendants in these cases operated privately-owned vessels that participated in the flotilla. Soon after they returned to the United States, the Immigration and Naturalization Service (INS) determined that, in violation of 8 U.S.C. § 1323(a) (1982),[1] the defendants had unlawfully transported into the United States aliens who did not hold valid unexpired visas. In accordance with 8 U.S.C. § 1323(b) (1982),[2] the defendants were fined $1000 for each alien they transported.

---

* Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. 8 U.S.C. § 1323(a) (1982) states the following:
   **§ 1323.  Unlawful bringing of aliens into United States—Persons liable**
   (a) It shall be unlawful for any person, including any transportation company, or the owner, master, commanding officer, agent, charterer, or consignee of any vessel or aircraft, to bring to the United States from any place outside thereof (other than from foreign contiguous territory) any alien who does not have an unexpired visa, if a visa was required under this chapter or regulations issued thereunder.

2. 8 U.S.C. § 1323(b) (1982) states the following:
   **§ 1323.  Unlawful bringing of aliens into United States—Persons liable**
   . . . .
   **Evidence**
   (b) If it appears to the satisfaction of the Attorney General that any alien has been [brought unlawfully into the United States] such person, or transportation company, or the master, commanding officer, agent, owner, charterer, or consignee of any such vessel or aircraft, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each alien so brought and, except in the case of any such alien who is admitted, or permitted to land temporarily, in addition, a sum

When the defendants failed to pay their fines, the United States brought separate civil actions in the district court to collect the fines pursuant to 8 U.S.C. § 1330 (1982).[3] In their answers, the defendants denied that they had brought into the United States Cuban nationals who did not have valid unexpired visas as required by 8 U.S.C. § 1323(a). The defendants also raised in their answers the affirmative defenses of duress and coercion. Each defendant later filed a motion for summary judgment, claiming in support that he "could not admit that the Cuban Nationals 'did not have required valid unexpired visas, in violation of 8 U.S.C. 1323(a)' because he ha[d] no knowledge of whether the aliens had valid visas"; furthermore, each defendant contended that he was not subject to the fine "due to the valid uncontradicted defenses [of duress and coercion] which were raised by the Defendants during the administrative proceedings below."

The district court granted summary judgment for the defendants in *United States v. Fernandez*, No. 86–5164, and in *United States v. Widener*, No. 86–5151. Several months later, the district court held a hearing simultaneously on the Government's motions for rehearing in those two cases and on the Government's cross-motion for summary judgment in *United States v. Von Harten*, No. 86–5150. The district court denied the Government's motions for rehearing in *Fernandez* and in *Widener* and granted the defendant's motion for summary judgment in *Von Harten*. The sole reason the district court offered for its decisions was the following: "[T]he [Government] failed to present any evidence to support its allegation that the persons transported by the Defendant[s] were undocumented aliens." Because we believe that the district court inappropriately required the Government to relitigate the administrative determination assessing a fine, we conclude that the court erred when it granted summary judgment.

In all three cases, the immigration officer who conducted personal interviews with the defendants concluded that "[t]he facts in this case are not in dispute"[4] and found the following: "The record establishes that the passengers brought by the carrier to the United States from Cuba were aliens; that the aliens were not in possession of valid unexpired visas; and that visas were required under the Immigration and Nationality Act or the regulations issued thereunder." The immigration officer rejected the defendants' defenses of duress and coercion. In each case, the INS dis-

---

equal to that paid by such alien for his transportation from the initial point of departure, indicated in his ticket, to the port of arrival, such latter sum to be delivered by the collector of customs to the alien on whose account the assessment is made. No vessel or aircraft shall be granted clearance pending the determination of the liability to the payment of such sums or while such sums remain unpaid, except that clearance may be granted prior to the determination of such question upon the deposit of an amount sufficient to cover such sums, or of a bond with sufficient surety to secure the payment thereof approved by the collector of customs.

3. 8 U.S.C. § 1330 (1982) states the following:
   **§ 1330. Collection of penalties and expenses**
   Notwithstanding any other provisions of this subchapter, the withholding or denial of clearance of or a lien upon any vessel or aircraft provided for in section 1221, 1227, 1229, 1253, 1281, 1283, 1284, 1285, 1286, 1321, 1322, or 1323 of this title shall not be regard-

ed as the sole and exclusive means or remedy for the enforcement of payments of any fine, penalty or expenses imposed or incurred under such sections, but, in the discretion of the Attorney General, the amount thereof may be recovered by civil suit, in the name of the United States, from any person made liable under any of such sections.

The district court had subject matter jurisdiction of these suits under 8 U.S.C. § 1329 (1982 & Supp. III 1985) and 28 U.S.C. § 1345 (1982).

4. The immigration officer reached this conclusion even though each defendant, in his answer, denied paragraph three of the Government's complaint, which asserted that the defendant "brought into or landed in the United States from outside thereof ... Cuban Nationals who did not have required valid unexpired visas, in violation of 8 U.S.C. § 1323(a)."

Although defendant Widener filed an answer to the Government's complaint, he failed to appear for his scheduled personal interview.

trict director adopted the immigration officer's recommendation that a fine be imposed on the defendants. The defendants in *United States v. Von Harten* and in *United States v. Fernandez* exercised their right to appeal the district director's order to the Board of Immigration Appeals (BIA).[5]

The BIA dismissed the appeal in those two cases. In *United States v. Fernandez*, the BIA concluded that the Government had established violations of 8 U.S.C. § 1323(a) because "the record indicates that the carrier brought 294 undocumented Cuban nationals to the United States." In *United States v. Von Harten*, the BIA stated that the Government had established violations of 8 U.S.C. § 1323(a) because "[t]he record in this case contains 171 Forms I–94 (Arrival/Departure Records) which indicate that the carrier brought that number of Cuban nationals to the United States, and that none of them was in possession of a visa or other document authorizing entry." In both cases, the BIA rejected the defendants' defenses of duress and coercion.

Neither the language nor the legislative history of 28 U.S.C. § 1330 delimits the scope of judicial review of an administrative decision in a suit brought by the United States to collect a fine imposed by INS under 8 U.S.C. § 1323. Nor has the case law directly addressed the question whether such a collection proceeding initiated by the Government requires a *de novo* hearing or is governed by the same standard of judicial review as when review is sought of other immigration decisions. The statutory scheme governing penalties for violations of the immigration laws, 8 U.S.C. §§ 1321–1330 (1982), does not authorize direct judicial review of INS determinations.[6] Absent a congressional mandate for *de novo* review, we conclude, and the parties agree, that the district courts must accord INS

the deference that it is normally due, whether the carrier or the Government initiates the court proceeding. *See* 2 C. Gordon & H. Rosenfield, *Immigration Law & Procedure* § 9.19 (1987).

Factual questions, such as whether the aliens transported by the defendants held valid unexpired visas, thus may not be decided *de novo* by the district court in a collection suit brought by the Government unless (1) INS' factfinding procedures were inadequate, or (2) issues not before INS are raised to enforce the INS determination. *See Pollgreen v. Morris*, 770 F.2d 1536, 1544–45 (11th Cir.1985) (citing *Camp v. Pitts*, 411 U.S. 138, 141–42, 93 S.Ct. 1241, 1243–44, 36 L.Ed.2d 106 (1973); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)); *see also Lyden v. Howerton*, 783 F.2d 1554, 1557 (11th Cir.1986). In this case, the district court concluded that the Government "failed to present any evidence to support its allegation that the persons transported by the Defendant[s] were undocumented aliens." Because this is an inadequate explanation for not giving appropriate deference to the administrative findings of INS, we vacate the district court's judgments and remand the cases for further proceedings.

Finally, we note that if the district court concludes that INS' factual determinations imposing fines against the defendants must stand, the district court should remand the cases to INS because the agency, in light of a subsequent Eleventh Circuit case, *see Pollgreen v. Morris*, 770 F.2d 1536 (11th Cir.1985), erred as a matter of law when it held that the defendants' defenses of duress and coercion were insufficient as a matter of law.

VACATED and REMANDED.

---

**5.** Defendant Widener did not appeal the district director's order to the BIA.

**6.** A carrier that has paid a fine under 28 U.S.C. § 1323 may bring suit, under 28 U.S.C. § 2201 (1982 & Supp. III 1985), in the district court to recover the payment as illegally exacted. *See, e.g., "Italia" Societa Anonima di Navigazione v.*

*Durning*, 115 F.2d 711 (2d Cir.1940) (per curiam); *Pollgreen v. Morris*, 579 F.Supp. 711 (S.D. Fla.1984), *vacated on other grounds*, 770 F.2d 1536 (11th Cir.1985). The district courts have subject matter jurisdiction of such suits under 28 U.S.C. § 1355 (1982) and 8 U.S.C. § 1329 (1982).